UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS REESE,

        Petitioner,

v.

        Case No. 22-cv-502-pp

WISCONSIN DOC-SORP,

        Respondent.

**ORDER SCREENING AND DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

On April 27, 2022, the petitioner, representing himself, filed a petition for writ of *habeas corpus*. Dkt. No. 1. The petitioner asserts that his petition is brought under "common law" and is "non-statutory." Id. at 1. The petitioner has paid the $5.00 filing fee.

Because it plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court, the court will dismiss the petition.

**I.    Factual Background**

The petitioner asserts that on November 17, 1992, he was charged with first-degree sexual assault of a child in violation of Wis. Stat. §948.02(1). Dkt. No. 1 at 2. He says he pleaded guilty to that charge on April 27, 1993. Id. The plaintiff says that on December 25, 1993—eight months after he pleaded guilty—Wis. Stat. §301.45 (Wisconsin's sex offender registration law) went into effect. Id. The petitioner attached to the petition the guilty plea questionnaire

1

and waiver of rights form in his underlying state criminal case. Dkt. No. 1-1 at 1-2. The court has reviewed the publicly available docket in that case. See State v. Reese, Milwaukee County Case No. 1993CF924231 (available at https://wcca.wicourts.gov/). It indicates that on January 27, 1993 the petitioner entered a plea and that the court entered the judgment on April 28, 1993.[1] Id.

Due to the age of the case, the docket does not include the sentence the court imposed. The petitioner states, however, that the court imposed and stayed a twenty-year sentence and placed him on probation for five years. Dkt. No. 1 at 5. He says that in the third year of the probationary term, his probation was revoked; he was convicted of a separate misdemeanor charge and sentenced to seventeen years in prison. Id. The petitioner recounts that he was paroled after serving eleven years and was on parole for the next six years. Id. The petitioner says that he was subjected to "two sets of Parole rules; *1. Standard parole rules. 2. Sex offender rules* and subjected to registration *before* the *17-year* sentence, during the entire *17-year* sentence, and even after, when [he] was discharged from parole in *2014*, and currently for the rest of [his] life." Id.

The petitioner attached to the petition a document titled "Offender Registration Fees," which indicates that the petitioner's registration dates are

---

[1] The public docket indicates that in the years since the court imposed sentence, the petitioner has file various post-conviction motions, which the state court has denied. See Reese, Milwaukee County Case No. 1993CF924231.

2

January 27, 1993 (the date the public docket indicates that he pled guilty) to "LIFETIME." Dkt. No. 1-1 at 3. The document appears to show that between 2006 and 2021, the petitioner's tax refunds were being intercepted to pay offender registration fees.

The petitioner asserts that since entering his guilty plea, he has

> very recently become aware of certain God-given, unalienable Rights/protections secured by the Constitution, that were violated, and knowledge of recent new factors of evidence, previously unknown to the Petitioner, that has caused him to question the validity of the plea agreement/contract, that [he] signed in **1993 *(in relation to the 948.02(1) conviction)*** and the unlawful actions of the DOC-SORP.

Dkt. No. 1 at 3.

## II. The Petitioner's Arguments

The petitioner makes three arguments in support of his general assertion that "the Respondent, ***Department of Corrections-Sex offender Registry Program (DOC-SORP), IS*** the cause of Petitioner's Constitutional rights/liberties currently being restrained and deprived." Dkt. No. 1 at 1.

First, he argues that 42 U.S.C. §16917 (a federal statute titled "Duty to notify sex offenders of registration requirements and to register") and 34 U.S.C. §20919 (a federal statute titled "Duty to notify sex offenders of registration requirements and to register") are "non-positive law titles;" according to the petitioner, this means that Congress never enacted them into law, that they are not law and that they are not mandatory. Dkt. No. 1 at 2. The petitioner asserts that Wisconsin's sex offender registration statute is in conflict with federal law and cannot trump or supersede it. Id. It appears that the plaintiff means to

3

Case 2:22-cv-00502-PP   Filed 10/31/22   Page 3 of 11   Document 4

argue that because the two federal statutes he cited were not—according to him—passed into law, Wisconsin's sex offender registry law cannot be valid.

The petitioner next argues that Wisconsin's sex offender registration law is an *ex post facto* statute and a "Bill of Attainder/Bill of Pains and Penalties" statute, and thus that it violates his due process rights under the Fourteenth Amendment. Id. at 3.

Finally, the petitioner argues that being subjected to the sex offender registration law violates his due process rights under the Fifth and Fourteenth Amendments because he never was charged with it, pled guilty to it, received a trial on it or was court-ordered to register. Id. The petitioner argues that he never received a separate proceeding to determine whether he should be subject to the sex offender registration requirement. Id. He says the plea agreement did not indicate that he would be waiving his due process and equal protection rights and registering as a sex offender for the rest of his life. Id. at 3-4.

The petitioner alleges that he has suffered multiple injuries from the alleged violations of his constitutional rights. Id. at 6. He lists mental anguish and emotional distress, risk to his safety (caused by having to divulge his personal descriptors and identifiers), risk of incarceration if he doesn't comply, restraint of liberty by an unauthorized authority (the Department of Corrections Sex Offender Registration Program), economic loss, loss of the right to freely travel, loss of jobs and lack of eligibility for some jobs, loss of friendship/companionship, being forced to hide and lie about his classification

4

and loss of custody of one of his daughters, restraint on his parental rights. Id. at 6-8.

The petitioner asks the court to grant his petition. Id. at 10. He seeks a permanent injunction against the DOC-SORP, prohibiting it from "committing Executive Imprisonment against [him], harassing [him], and attempting to force [him] to register." Id. He seeks a refund of $1,202.19 that he says was "unlawfully/unconstitutionally extorted from [his] income tax return." Id. He asks the court to nullify/void/dismiss the requirement that he register under Wis. Stat. §301.45. Id. Finally, he asks that his name, picture, address and Social Security number be permanently removed from the SORP registry and database. Id.

### III. "Common Law" *Habeas* Petition

The petitioner titles his pleading "Petition for Original Writ of Habeas Corpus Authorized Under Common Law Right/Remedy (Non-Statutory)." Id. at 1. There are federal *habeas corpus* statutes: 28 U.S.C. §2241 (under which a person may challenge the way his federal sentence is being carried out, may challenge federal or state custody based on something other than a sentence or may challenge detention in immigration custody); 28 U.S.C. §2254 (under which a person in custody "pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" may seek release); and 28 U.S.C. §2255 (by which a person in custody under a judgment of a *federal* court may file a motion to vacate, set aside or correct his federal sentence). "Prisoners cannot avoid

5

the . . . rules [of federal *habeas* statutes] by inventive captioning." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is the substance that controls." Id.

Section 2254 of Title 28 allows a person in custody under the judgment of state court to seek a writ of *habeas corpus* "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. The petitioner alleges that being subjected to the sex offender registration requirement violates his rights under the United States Constitution. Regardless of what he calls his petition, the petitioner's claim that the obligations and restrictions imposed upon him resulting from his state-court conviction and judgment violate his federal Constitutional rights falls within 28 U.S.C. §2254, assuming he meets the other requirements for filing a §2254 petition. But he does not.

**IV.    Rule 4 Screening**

    A.    Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

6

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petitioner has not stated a claim that is cognizable on federal *habeas* review. The petitioner challenges the constitutionality of Wisconsin's requirement that he register as a sex offender for the rest of his life and the obligations imposed by that registration. "Section 2254 authorizes federal courts to 'entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court[.]'" Virsnieks v. Smith, 521 F.3d 707, 721 (7th Cir. 2008) (quoting 28 U.S.C. §2254)). While the courts have expanded the definition of what it means to be "in custody," "habeas petitioners must establish that they are subject to conditions that 'significantly restrain . . . [their] liberty.'" Id. at 717 (quoting Jones v. Cunningham, 371 U.S. 236, 243 (1963)). "[C]ourts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender status is cognizable in habeas." Id. at 718.

In Virsnieks, the Seventh Circuit rejected a *habeas* petition challenging the requirement to register as a sex offender under Wis. Stat §301.45 *et seq.*, explaining that the petitioner could not satisfy the 'in custody" requirement because the statute "impose[d] minimal restrictions on a registrant's physical
8

liberty of movement." Id. at 720. The court reasoned that even "the future threat of incarceration for registrants who fail to comply with the statute [was] insufficient to satisfy the custody requirement." Id. (citations omitted).

The petitioner cannot satisfy the "in custody" requirement for a §2254 *habeas* petition; that, alone, requires the court to dismiss the petition.[2] The court notes, however, that even if the petitioner had brought his claims through the correct mechanism, the Supreme Court and the Seventh Circuit have rejected several of his substantive arguments. Regarding his argument that Wisconsin's sex offender registration requirement violates his right to freely travel, the Virsnieks court held otherwise, finding that Wis. Stat. §301.45 did not "impose any significant restriction on a registrant's freedom of movement." Virsnieks, 521 F.3d at 719. Regarding Indiana's SORA, the Seventh Circuit has held that the combined requirements of that statute are not so punitive as to constitute an impermissible *ex post facto* law. Hope v. Comm'r of Ind. Dep't of Corr., 9 F.4th 513 (7th Cir. 2021). See also, Smith v. Doe, 538 U.S. 84 (2003) (retroactive application of Alaska's sex offender registration requirement does not violate the *Ex Post Facto* Clause). The Supreme Court has held that due process does not entitle a person registered as a sex offender to a hearing before his information is disclosed in the public

---

[2] The Virsnieks court observed that in two Supreme Court cases where the court had considered challenges to sex offender registration statutes, the plaintiffs had filed civil lawsuits under 42 U.S.C. §1983, not *habeas* petitions. Virsnieks, 521 F.3d at 720 n.23. The court did not express a view as to whether Virsnieks could proceed under §1983, nor does this court express such a view as to the petitioner.

9

sex offender registry. Conn. Dep't of Public Safety v. Doe, 538 U.S. 1 (2003). The Seventh Circuit has held that a person convicted of a sex offense in California was not entitled to a pre-registration hearing in Wisconsin before being required to register. Murphy v. Rychlowski, 868 F.3d 561 (7th Cir. 2017).

Because the petitioner is not "in custody," the court must dismiss the petition.

## V. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists would debate (or for that matter, agree that) the petition should have been resolve in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because it believes that reasonable jurists could not debate the court's decision that the petitioner is not entitled to relief under 28 U.S.C. §2254.

## VI. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus.* Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 31st day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**